IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. WEBB, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 20-270-RGA |
| | : Superior Court of the State of |
| BRIAN J. CHAPMAN and LAW | : Delaware in and for New Castle County |
| OFFICE OF BRIAN J. CHAPMAN, | : Case No. N19C-11-188 MAA |
| | : |
| Defendants. | : |

William J. Webb, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Kenneth Lee-Kay Wan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Brian J. Chapman.

Brian J. Chapman, Esquire, Law Office of Brian J. Chapman, Newark, Delaware. Counsel for Defendant Law Office of Brian J. Chapman.

**MEMORANDUM OPINION**

March 9, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

      Plaintiff William J. Webb, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to the Delaware Constitution and 42 U.S.C. § 1983 in the Superior Court of the State of Delaware in and for New Castle County on December 4, 2019.[1] (D.I. 1-1 at 5-10). He appears *pro se* and was granted leave to proceed *in forma pauperis* by the Superior Court. (D.I. 1-2 at Docket # 7). On March 2, 2020, Defendants filed a notice of removal of *Webb v. The Law Office of Brian Chapman*, Delaware Superior Court Case No. N19C-11-188 MAA (Del. Super.). (D.I. 1). Before the Court are Defendants' motion to dismiss and Plaintiff's motion to disqualify counsel, motions to amend, request for counsel, motion for default judgment, and motion for injunctive relief. (D.I. 4, 6, 15, 16, 19, 20, 23). Briefing is complete.

**I.    BACKGROUND**

      While not stated explicitly, it is clear from the allegations that Defendant Brian J. Chapman represented Plaintiff in a criminal matter. Plaintiff alleges Chapman and his law firm, Defendant Law Office of Brian J. Chapman, shared information with the Delaware Deputy Attorney General between the months of April and May[2] which deprived Plaintiff of his constitutional rights to effective assistance of counsel and to a fair trial. (D.I. 1-1 at 6-8). Plaintiff alleges the information was used by the State to obtain an "illegal indictment." (*Id*. at 7). Plaintiff alleges that Defendants "filed motions

---

[1] When bringing a §1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).
[2] The Complaint does not provide the year.

1

they knew were going to be heard uselessly and moot beyond" his indictment date. (*Id*.).  He alleges from April until July,[3] Defendants failed to perform their constitutional duties owed him when they failed to secure his release, and he was falsely arrested and imprisoned while maliciously prosecuted.  (*Id*. at 8).

Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id*. at 9).

## II.     MOTION TO DISMISS

Defendants move to dismiss pursuant to Rule 12(b)(6) on the grounds that: (1) the claims are frivolous; and (2) the Complaint fails to plausibly plead facts to support any claim.  (D.I. 5).  Plaintiff moves to strike the motion arguing that counsel for Chapman has a conflict of interest, the motion contains false and unreliable information, and Defendants misconstrue his claims.  (D.I. 8).

### A.     Legal Standards

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Rule 8(a) requires "a short and plain statement of the claim showing that the

---

[3] The Complaint does not provide the year.

pleader is entitled to relief." *Id*. at 545.  Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements.  *Id*.  ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

Moreover, there must be enough factual matter to state a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

**B.     Discussion**

The Complaint does not state legally cognizable claims under 42 U.S.C. § 1983.  Plaintiff named as defendants his defense attorney, Chapman, and Chapman's law firm.  As explained by Defendants, Chapman was appointed as conflict counsel due to the Delaware Office of Defense Services' conflict in representing Plaintiff in his criminal case.  (D.I. 5 at n.2).

As a private attorney, Chapman is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); *Steward v. Meeker,* 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard,* 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Nor is Chapman a state actor for purposes of raising claims under the Delaware Constitution.  *See King v. McKenna*, 2015 WL 4040437 (Del. Super. Ct. June 29, 2015).

3

In addition, the Law Office of Brian J. Chapman is neither a state actor nor a person as is required to state a claim under 42 U.S.C. § 1983.  To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).  The claim against the Law Office of Brian J. Chapman fails as a matter of law.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989).

There are no allegations in the complaint that give rise to a plausible inference that Defendants acted under color of state law as is required to raise claims under 42 U.S.C. § 1983 or the Delaware Constitution.  Moreover, the claims fail as a matter of law.  Therefore, the Court will grant Defendants' motion to dismiss.

### III.    MOTIONS TO AMEND

On June 18, 2020, Plaintiff filed a motion for leave to amend the complaint.  (D.I. 15).  Defendants oppose the motion on the grounds that Plaintiff did not submit a copy of the proposed amended complaint as required by this Court's Local Rules.  (D.I. 17).  On September 20, 2020, Plaintiff filed an amended complaint docketed as a motion for leave to amend.  (D.I. 23).  Defendants oppose the motion as untimely and for noncompliance with the Court's Local Rules.  (D.I. 24).

#### A.    Legal Standards

Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which

indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation marks omitted).

**B.    Discussion**

Plaintiff's motions will be denied for two reasons. First, Plaintiff failed to comply with Local Rule 15.1 when he did not provide a proposed amended pleading with his June 18, 2020 motion (D.I. 16) and when the proposed amended complaint he filed on September 9, 2020 (D.I. 23) did not indicate in what respect it differed from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

Second, and more importantly, the proposed amended complaint is legally frivolous and fails to state claims upon which relief may be granted. Similar to the

original Complaint, the proposed amended complaint raises claims against individuals who are not state actors and Defendants who are not persons as is required to raise civil rights claims.

The proposed amended also attempts to raise conspiracy and retaliation claims (See D.I. 23 ¶¶ 6, 12, 14, 19).  Each instance alleging conspiracy and retaliation is raised in a conclusory manner without facts to support the claim.  See Iqbal, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions' " or " 'naked assertion [s]' devoid of 'further factual enhancement' ") (quoting Twombly, 550 U.S. at 555, 557).  Merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim   See Iqbal, 556 U.S. at 678.  In addition, to state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." Gannaway v. Berks Cty. Prison, 439 F. App'x 86, 93 (3d Cir. 2011).  "[T]he linchpin for conspiracy is agreement."  Id. (quoting Bailey v. Board of Cty. Cmm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992).  There are no supporting facts to show that Plaintiff was deprived of a federal right or that Defendants had an agreement, implicit or otherwise, to deprive Plaintiff of his federal rights.

Accordingly, the Court will deny Plaintiff's motion for leave to amend based upon futility of amendment.  (D.I. 15, 23).

## IV. CONCLUSION

Based upon the above discussion, the Court:  (1) grant Defendants' joint motion to dismiss (D.I. 4); (2) dismisses as moot Plaintiff's motion to disqualify counsel, request

for counsel, motion for default judgment and motion for injunctive relief (D.I. 6, 16, 19, 20); and (3) deny Plaintiff's motions to amend due to futility of amendment (D.I. 15, 23).

An appropriate Order will be entered.